Howe, Executor, vs. Austin et als.

No. 10,126.

## CHARLES L. HOWE, EXECUTOR, vs. ISAAC AUSTIN ET ALS.

In a contract relating to real estate situated in this State between parties residing in a State where the common law prevails, it is stipulated substantially that one of the parties sells to the other the immovable for a designated price, and, further, that the said sum mentioned as the price was a debt owing to the alleged purchaser by the vendor, and that should said debt be paid by a time stated the act or conveyance should be void. The act was termed by the parties 'a deed of mortgage," and was recorded in the mortgage record book of the parish where the property was situated. *Held*, that the instrument was a common law mortgage and did not have the effect of passing title to the property.

APPEAL from the Seventeenth District Court, for the Parish of East Baton Rouge. *Burgess*, J.

*L. D. Beale* and *H. C. Miller* for Plaintiff and Appellant:

The sale of property by the debtor to his creditor for eleven hundred dollars, the act stipulating that if the debtor pays his promissory note for eleven hundred dollars within a certain period the sale is to be void, whether viewed as a sale on condition or with the right to redeem reserved, in either view conveys title to the purchaser, if within the period the vendor does not pay his note. See Civil Code. Arts. 2021, 2045, 2439, 2567; 2 La. 103.

The written title in authentic form or acknowledged by the vendor is conclusive on the vendor and his heirs, unless assailed for fraud or a counter letter is reserved. See Civil Code, Arts. 2234, 2236, 2242, 2239, 2276; 19 La. 409; 11 La. 416; 1st Hennen's Digest, p. 534: No. 4 *et seq.*, p. 536; No. 12.

*Kernan & Laycock* for Defendants and Appellees:

There can be no *vente a remere* without a stipulation for the return of the price. A contract of sale, the validity of which is made to depend on the payment of notes which form no part of the consideration, is not a *vente a remere*. Downes vs. Scott et al., 3 Ann. 278.

Where it is evident that an instrument in the form of a conditional sale was intended by the parties to be executed in the form of a common law mortgage, it will not be regarded as a sale. 15 Ann. 386.

Where the parties to the instrument both reside in a common law State, and the instrument is executed in a common law State in the form of a common law mortgage, there can be no doubt the parties intended to create a mortgage. 12 Ann. 489.

The conveyance of property in the form of a sale does not vest the ownership in the apparent

buyer, if the deed was really intended by both parties to be a mortgage. 38 Ann. 154.
A contract of sale in which there is a stipulation that the vendor may redeem the property
by returning the price within a certain time, where the vendor remains in possession of
the property and the price is inadequate, will be regarded not as a sale, with the equity
of redemption, but merely as a security for the return of the money paid to the vendee,
unless sufficient evidence to the contrary be produced. 16 Ann. 12; 5 Ann. 99.

The opinion of the Court was delivered by

TODD, J. This is a petitory action instituted by the plaintiff, testamentary executor of Thos. A. Goff, deceased, late of Aurora, Indiana, to recover for the succession of the deceased a tract of land situated in East Baton Rouge and described in the petition.

The claim is based upon an instrument set forth in the petition, and termed a sale by the plaintiff. It bears date the 28th of April, 1877, and was executed by George W. Corcoran and Martha Corcoran, his wife, residents of Kenton county, Kentucky, in favor of Thomas Goff, a resident of Indiana.

The instrument was indorsed, mortgage from George W. Corcoran and wife to Thomas Goff, and was recorded in the book of mortgages in the parish of East Baton Rouge shortly after its execution, and several years thereafter in the book of conveyances.

Corcoran acknowledged the execution of the instrument and his signature thereto before a notary public of the city of New Orleans, and in this acknowledgment the instrument is termed or described as a deed of mortgage.

The act in question contained a clause substantially to the effect: "That if the vendors paid their promissory note of eleven hundred dollars and interest, held by Goff, the vendee, that then 'these presents' shall be void."

On the 10th of May, 1878, Corcoran conveyed, by an act of sale in its terms complete, the same land to Miss Emma Corcoran and Mrs. Agnes C. Moore, the real defendants in the suit; and on this act of sale they resist the demand of the plaintiff and claim title to the property in themselves.

The act from Corcoran and wife to Goff, of the 28th of April, 1877, on which plaintiff rests his claim to the land in controversy, was not a sale, but a mortgage only, in the common law form—the common law being the system prevailing in the States where the parties resided at the time.

It did not vest Goff with the ownership of the land, or the title thereto, and was not intended to do so; but its sole purpose was to

secure the payment of the debt owing by Corcoran to Goff acknowledged in the instrument. 12 Ann. 480; 15 Ann. 386; 38 Ann. 154; Ib. 890.

The case last cited is that of Miller vs. Shotwell, where title was claimed to certain lands in this State under an instrument almost identical with the one relied on by plaintiff in the instant one. In that case the whole subject was thoroughly considered and the adjudications on the point cited and reviewed, and it was expressly determined that the instrument purporting to be a sale, like the one under present consideration, did not convey a title to the property and could only be received as a mortgage given to secure the payment of the debt set forth in the act.

Whether the debt mentioned in this act has been paid or not, or whether the mortgage is or is not still operative against the land, is at present a matter of no concern; the sole question being one of sale or title *vel non*.

This act being the sole foundation of the plaintiff's claim, and it falling, his claim goes with it. He has no case.

Judgment affirmed.